IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stanford Ray Coleman,                                                 Case No. 3:06CV7022

               Petitioner,

      v.                                                                ORDER

United States of America,

               Respondent.

        This is a petition under 28 U.S.C. § 2255. The petitioner entered a mid-trial plea to drug offenses and related firearms offenses. He received a sentence of 192 months imprisonment on the drug counts and two sixty month sentences on the firearms counts. Those latter sentences were to be served concurrently with each other, but consecutively to the 192 month sentence, for a total term of 252 months. On direct appeal, petitioner's conviction and sentence were confirmed.

        On April 30, 1997, petitioner filed a § 2255 petition, in which he asserted three grounds for relief: 1) intervening change of law mandated vacation of his conviction under 28 U.S.C. § 924(c); 2) computation of his sentence improperly used enhanced penalties for cocaine base; and 3) ineffective assistance of counsel. This court upheld the 192 month term for the drug offense, but vacated one of the related firearms sentences. No certificate of appealability was issued.

        On May 3, 2002, petitioner filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). That motion was denied on May 7, 2002.

On January 8, 2006, petitioner filed1 the instant § 2255 petition to vacate his sentence. He claims that this court erred in using the preponderance of evidence standard to find facts on which his sentence was enhanced.

The government contends that the petitioner has not satisfied procedural requirements for filing a second or successive § 2255 motion. It also asserts that, in any event, the instant petition is without merit.

For the reasons that follow, I agree, and the petition shall be denied.

## Discussion

Effective April 26, 1996, a prisoner seeking to file a second or successive § 2255 petition must first move for an order from the Court of Appeals authorizing the district court to consider such second or successive motion. 28 U.S.C. § 2255, ¶ 8.

Petitioner has not submitted an order from the Court of Appeals granting leave to this Court to consider the instant petition. The Sixth Circuit has consistently upheld that precondition. *See, e.g., In re Green*, 144 F .3d 384, 388 (6th Cir. 1998). Accordingly, I lack authority to consider the instant petition.

In any event, the petition is without merit. Petitioner claims that his 1993 sentence was unconstitutionally enhanced by facts neither admitted nor found by a jury beyond a reasonable doubt. He appears to base his claim on *U.S. v. Booker*, 543 U.S. 220 (2005), which found the regime of mandatory guidelines and judicial, rather than jury, fact-finding unconsitutional. As a result, *Booker* made application of the Sentencing Guidelines advisory rather than mandatory.

The Court stated in *Booker*, *id*. at 268, that its holding was applicable to cases pending on direct review as of the date of the decision in that case (January 12, 2005). The Sixth Circuit has

held that *Booker* is not retroactive to cases arising on collateral review. *Humphress v. U.S.*, 398 F. 3d 855 (6th Cir. 2005). Thus, petitioner cannot obtain relief under *Booker*.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
